CHERYL CZACHORSKI,

        Plaintiff,

                                   Case No. 25-cv-1309-bhl

    v.

FULL CIRCLE FINANCIAL SERVICES LLC,

        Defendant.

## ORDER ON MOTION TO REMAND

On July 25, 2025, Plaintiff Cheryl Czachorski filed this putative class action in Milwaukee County Circuit Court, alleging that Defendant Full Circle Financial Services (Full Circle) violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692, and the Wisconsin Consumer Act (WCA), §421.02, by sending a debt collection letter with representations that were false, deceptive, and misleading. On August 28, 2025, Full Circle removed the case, invoking the Court's federal question jurisdiction under 28 U.S.C. §1331 over her FDCPA claim and its supplemental jurisdiction under 28 U.S.C. §1367 over her state law WCA claim. Czachorski has since moved for a remand, arguing that she lacks the standing necessary for this Court to exercise federal jurisdiction over her claims. Because the Court agrees that Czachorski lacks standing to maintain her FDCPA claim, this Court cannot exercise subject matter jurisdiction over this lawsuit. Accordingly, Czachorski's motion will be granted and the case remanded to state court.[1]

## BACKGROUND

Czachorski is a Milwaukee County resident. (ECF No. 1-1 at 4.) Full Circle is a limited liability company with its primary office located in Florida. (*Id.* at 5.) Full Circle collects consumer debts originally owed to third parties and uses mail and telephone calls to collect those debts. (*Id.* at 5.)

---

[1] Given the notice of removal's procedural defects, Full Circle's motion to dismiss, (ECF No. 6), will be denied without prejudice. Full Circle is free to resubmit its motion in state court.

On or about January 28, 2025, Czachorski received a form debt collection letter from Full Circle. (*Id.* at 5–6.) The letter addressed an alleged debt incurred by use of a personal credit card, and it was the first written communication sent to Czachorski about the debt. (*Id.* at 6.) The letter claimed that Czachorski owed a debt to "AXIOM ACQUISTION VENTURES, LLC" and that she had an account with "KMD PARTNERS DBA CREDITNINJA." (*Id.* at 7.) Czachorski did not recognize, had never interacted, and was not familiar with either Axiom or KMD Partners. (*Id.* 7–8.) Czachorski was therefore confused and misled by the letter. (*Id.* at 8.)

ANALYSIS

Czachorski argues that the case must be remanded because Full Circle has not established that she has Article III standing. She also requests attorneys' fees and costs incurred pursuant to improper removal, maintaining that Full Circle did not have an objectively reasonable basis to remove the case. For the reasons discussed below, her motion will be granted.

## I. Czachorski Does Not Have Standing to Pursue Her Claims In Federal Court, Warranting Remand.

A state court defendant can remove a civil action to federal court only if the federal court has original jurisdiction over the action. 28 U.S.C. §1441(a). When jurisdiction is lacking, the district court must remand the case to state court. *Id.* §1447(c). As the proponent of federal jurisdiction, a removing defendant bears the burden of establishing jurisdiction. *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 103–04 (1998); *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). This burden includes a requirement that the removing defendant establish the plaintiff's Article III standing. *Collier v. SP Plus Corp.*, 889 F.3d 894, 896 (7th Cir. 2018). Given the federalism interests at play, the Seventh Circuit has instructed courts to "interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur*, 577 F.3d at 758.

Federal courts are courts of limited jurisdiction, and, under Article III of the Constitution, a federal court may only exercise federal judicial power to decide actual "cases" and "controversies" falling within the jurisdiction authorized by Congress. *See* U.S. Const. art. III §2. Federal jurisdiction requires that the plaintiff have a "personal stake" or "standing" in the outcome of the case. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (quoting *Raines v. Byrd*, 521 U.S. 811, 819 (1997)). A plaintiff has standing sufficient to support federal jurisdiction if the plaintiff has (1) an injury-in-fact (2) that is fairly traceable to the defendant and (3) that is likely

to be redressed by a favorable judicial decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). An injury-in-fact must be "concrete and particularized" and "actual or imminent." *Id.* at 560. In a removed case in which the plaintiff is found to lack standing, the Court must remand the case to the state court for lack of subject matter jurisdiction. *See Collier*, 889 F.3d at 896 (citing 28 U.S.C. §1447(c)).

Czachorski argues that she lacks Article III standing because her FDCPA claim is based solely on her alleged confusion after receiving the challenged debt collection letter and, under Seventh Circuit law, mere confusion is insufficient to satisfy the injury-in-fact requirement. (ECF No. 9 at 5–6 (citing *Markakos v. Medicredit, Inc.*, 997 F.3d 778, 780 (7th Cir. 2021)).) As Czachorski maintains, *Markakos* makes clear that a mere technical "violation of an FDCPA provision . . . does not necessarily cause an injury in fact" sufficient to support standing. 997 F.3d at 780 (citing *Larkin v. Fin. Sys. of Green Bay, Inc.*, 982 F.3d 1060, 1066 (7th Cir. 2020)). Instead, to support standing, the violation must have presented an "appreciable risk of harm"—for example, standing exists if the alleged violation led to paying extra money, affected credit, or otherwise altered the response to a debt. *Id.* at 780–81 (citations omitted); *see also Smith v. GC Servs. Ltd. Partnership*, 986 F.3d 708, 711 (7th Cir. 2021). Mere stress or confusion caused by generally misleading statements do not create standing for an FDCPA claim. *Pennell v. Glob. Tr. Mgmt., LLC*, 990 F.3d 1041, 1044–45 (7th Cir. 2021); *see also Larkin*, 982 F.3d at 1066.

Nothing in Czachorski's complaint alleges how the letter injured her beyond being "confused" and "misled." Accordingly, the complaint does not allege facts sufficient to create standing under binding Seventh Circuit precedent. *See Markakos*, 997 F.3d at 780–81.

Full Circle resists this conclusion. It cites Czachorski's allegation that "confusing and misleading representations about the name of the creditor are material misrepresentations because they create the potential for fraud or double-payments." (ECF No. 14 at 4; ECF No. 1-1 at 8 (citing *Janetos v. Fulton Friedman & Gullace, LLC*, 825 F.3d 317, 324–25 (7th Cir. 2016)).) Based on this statement and Czachorski's request for injunctive relief, Full Circle maintains that the complaint satisfies the injury-in-fact requirement. (ECF No. 14 at 4.)

Full Circle is correct that a risk of future harm can be a concrete and particularized harm sufficient to confer standing where a lawsuit seeks injunctive relief. *See Ewing v. MED-1 Sols. LLC*, 24 F.4th 1146, 1152 (7th Cir. 2022) (citing *TransUnion*, 594 U.S. at 435). But Full Circle's citations are cherry-picked and taken out of context. Czachorski does not allege that *she* is at risk

of being defrauded or paying double.  Instead, the cited language is simply a general proposition of law explaining why the letter could be a material misrepresentation.  While a complaint need not include general propositions of law, such propositions are not the same as factual allegations.  And as a matter of logic, a general proposition of law, untethered to what happened to a specific plaintiff, does not suffice to establish a "concrete and particularized" harm to that plaintiff.  *See Lujan*, 504 U.S. at 560–61.

Moreover, Full Circle ignores that Czachorski's request for injunctive relief is related solely to her state law WCA claim.  Czachorski invokes Wis. Stat. §426.109 as the basis for her request for injunctive relief.  (ECF No. 1-1 at 14.)  This is a provision within the WCA that allows consumers to seek an injunction preventing further WCA violations.  It has no application to Czachorski's federal claim under the FDCPA, and nowhere in her complaint does she purport to seek injunctive relief on her federal claim.  (*Id.*)

Because Czachorski is not seeking injunctive relief for her FDCPA claim, she lacks Article III standing to pursue that claim in federal court on a "risk of future harm" theory.  *See Ewing*, 24 F.4th at 1152.  And, given that the FDCPA claim is the sole basis for federal jurisdiction (Czachorski's WCA claim would fall solely under this Court's supplemental jurisdiction), (*see* ECF No. 1 ¶7), her request for injunctive relief on the state law claim is not a basis for this court to exercise jurisdiction and deny remand.  Accordingly, the Court will remand the case back to Milwaukee County Circuit Court.

## II.     Because Full Circle Lacked An Objectively Reasonable Basis to Remove the Case, It Must Pay Czachorski's Costs and Fees Incurred In Securing Remand.

Invoking 28 U.S.C. §1447(c), Czachorski asks the Court to award her attorneys' fees and costs incurred in securing remand because Seventh Circuit precedent makes clear that she has no standing to pursue her claims in federal court.  (ECF No. 9 at 7–10.)

The Court has discretion to award payment of costs and expenses when it orders remand.  *See* 28 U.S.C. §1447(c).  A district court may award fees under §1447(c) if "the removing party lacked an 'objectively reasonable basis'" for seeking removal."  *Jackson Cnty. Bank v. DuSablon*, 915 F.3d 422, 424 (7th Cir. 2019) (quoting *Wolf v. Kennelly*, 574 F.3d 406, 411 (7th Cir. 2009)).

As Czachorski maintains, Seventh Circuit precedent makes clear that standing is lacking here.  *See Markakos*, 997 F.3d at 780; *see also Smith*, 986 F.3d at 711; *Pennell*, 990 F.3d at 1044–45; *see also Larkin*, 982 F.3d at 1066.  Full Circle nevertheless argues that it had an objectively

reasonable basis for removal, because the risk of future harm could qualify as a concrete injury when the claim is for injunctive relief. (ECF No. 14 at 7.) This argument is unpersuasive because, as explained above, Czachorski does not allege a risk of future harm and her request for injunctive relief is unrelated to her federal claim. Given the significant amount of precedent supporting Czachorski's position, the Court agrees that Full Circle lacked an objectively reasonable basis for removal and that an award of costs and expenses is appropriate.

Full Circle also argues that Czachorski is precluded from requesting attorneys' fees and costs. (*Id.* at 5.) It points to a letter Czachorski sent on September 29, 2025, explaining that standing did not exist in this case and requesting that Full Circle stipulate to a remand. (*Id.* at 5; ECF No. 15-2.) Full Circle agreed to stipulate to a remand, but on the condition that Czachorski agree that she will not allege that she acted on any misinformation in the letter and that she has not suffered any injury in fact that is fairly traceable to the letter. (ECF No. 14 at 5–6; ECF No. 15-1.) Czachorski refused to agree, and she ultimately filed her opposed motion to remand. (ECF No. 14 at 5–6; ECF No. 15-1.) As an initial matter, negotiations *after* removal have no impact on whether Full Circle had an objectively reasonable basis *at the time of* removal. Moreover, if Czachorski were to amend her complaint in a way that established standing, Full Circle might have the opportunity to remove the case under 28 U.S.C. §1446(b)(3). It is therefore improper for Full Circle to attempt to strong arm Czachorski into giving up potential future claims and then argue she cannot recover attorneys' fees when she refused to give into such negotiations.

Accordingly, the Court will order that Full Circle pay Czachorski's just costs and actual expenses, including attorneys' fees, incurred as a result of the removal. *See PNC Bank, N.A. v. Spencer*, 763 F.3d 650, 654 (7th Cir. 2014) ("[E]ven after remanding a case to state court, a district court retains jurisdiction to decide collateral matters like fee awards."). Czachorski has **fourteen (14) days** from this Order to submit the requested expenses and evidence supporting the request. After Czachorski's brief is submitted, Full Circle will have **seven (7) days** to respond with any objections.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand, ECF No. 8, is **GRANTED**. The case is remanded to state court for further proceedings. Defendant's motion to dismiss, ECF No. 6, is **DENIED without prejudice** as moot, given this Court's lack of subject

matter jurisdiction.  Plaintiff's request for attorneys' fees and costs is **GRANTED**.  Plaintiff has until **April 23, 2026** to submit her brief and evidence supporting the requested fees and costs. Defendant has **seven (7) days** after Plaintiff's submission to respond with any objections.

Dated at Milwaukee, Wisconsin on April 9, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge